*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0054p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

    *v.*

                                No. 05-5382

PERRY D. MCCREARY-REDD,

> *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 04-00032—James H. Jarvis, District Judge.

Submitted: November 15, 2006

Decided and Filed: February 6, 2007

Before: KEITH and CLAY, Circuit Judges; MAYS, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Kim A. Tollison, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellant. Tracee Plowell, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. Perry D. McCreary-Redd, Cumberland, Maryland, pro se.

---

## OPINION

---

DAMON J. KEITH, Circuit Judge. Defendant-Appellant Perry D. McCreary-Redd ("McCreary-Redd") was charged with: (1) being an ex-felon in possession of a firearm; (2) possession with intent to distribute cocaine base; and (3) knowingly using and carrying a firearm during and in relation to a drug trafficking crime. Count one of the indictment was subsequently dropped, and McCreary-Redd pled guilty to counts two and three. The district court sentenced McCreary-Redd to 123 months of imprisonment. McCreary-Redd now appeals the district court's sentence as "unreasonable." Additionally, McCreary-Redd, proceeding *pro se*, appeals the district court's sentence on the basis of Rule 11 violations. *See* Fed. R. Crim. P. 11. For the following reasons, we **VACATE** and **REMAND** McCreary-Redd's plea pursuant to Rule 11.

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

## I.  BACKGROUND

Pursuant to McCreary-Redd's plea agreement, the following facts were stipulated by the government and McCreary-Redd as the "Agreed Rule 11 Factual Basis."

On February 4, 2004, officers from the Knoxville Police Department ("KPD") were conducting surveillance on Parking Lot F in the Walter P. Taylor Housing Project in Knoxville, Tennessee, in response to citizens' complaints of illegal drug activity.  The officers, while surveilling the area, observed a dark colored vehicle being driven with the headlights off.  The officers witnessed McCreary-Redd, the driver of the vehicle, leave the vehicle and enter a building.

As McCreary-Redd returned to the vehicle, he was approached by three KPD officers.  Police officer Doyle Lee ("Lee") greeted McCreary-Redd and asked if he could speak with him.  McCreary-Redd agreed.  Lee then informed McCreary-Redd of the headlight violation and asked to see his identification.  McCreary-Redd handed Lee his driver's license.  Lee asked McCreary-Redd if he had any weapons or drugs on him, to which McCreary-Redd stated that he did not.  Lee then asked McCreary-Redd if he could search him.  In response to this request, McCreary-Redd placed his hands in the air and turned around.

As Lee frisked McCreary-Redd, Lee felt a hard object in McCreary-Redd's waistband which he immediately recognized to be a handgun.  Lee then yelled "gun" and pushed McCreary-Redd forward onto his car.  Thereafter, Lee removed the firearm, a loaded Smith and Wesson 10mm semiautomatic pistol, from McCreary-Redd's waistband and placed him under arrest.  Incident to the arrest, officers recovered a vial attached to McCreary-Redd's key chain that contained approximately three grams of crack cocaine, individually wrapped and packaged.

On February 18, 2004, a grand jury for the Eastern District of Tennessee at Knoxville filed a three-count indictment charging McCreary-Redd with:  (1) being an ex-felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) knowingly, intentionally and without authority possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and (3) knowingly using and carrying a firearm during and in relation to a drug trafficking crime, namely possession with the intent to distribute crack cocaine as charged in count two, in violation of 18 U.S.C. § 924(c)(1).  On February 20, 2004, McCreary-Redd was arrested.

On April 8, 2004, McCreary-Redd, contending that the search was illegal,  moved to suppress all evidence seized during the search and any statement given by him.  On October 20, 2004, the district court affirmed in part and denied in part his motion, allowing the seized items (a firearm and drugs) to be entered as evidence, but suppressing any statements McCreary-Redd made after he was placed in custody.  On December 7, 2004, McCreary-Redd, without objecting to any Rule 11 violations, pled guilty to counts two and three of the indictment pursuant to a plea agreement.  Count one of the indictment was subsequently dismissed.

On February 23, 2005, the district court sentenced McCreary-Redd to 123 months of incarceration.  On March 4, 2005, a timely notice of appeal was filed on behalf of McCreary-Redd by his counsel.  On June 29, 2005, McCreary-Redd moved to replace his appointed counsel and to proceed *pro se*.  This Court denied the motion to dismiss counsel, but authorized McCreary-Redd to file a *pro se* supplemental brief.  Upon reconsideration, on February 10, 2006, this Court granted McCreary-Redd's motion to dismiss his current counsel, allowing him to proceed *pro se*.  On May 15, 2006, McCreary-Redd filed his *pro se* supplemental brief.

## II.  DISCUSSION

In this appeal, McCreary-Redd argues that:  (1) the district court's sentence was "unreasonable;" and (2) his plea agreement was accepted in violation of Rule 11 of the Federal Rules of Criminal Procedure.  We consider only the issue of whether the district court's acceptance of McCreary-Redd's plea agreement violated Rule 11, an inquiry we ultimately find to be dispositive in the present appeal.  Therefore, we need not address McCreary-Redd's argument that his sentence was "unreasonable."

### A.  Standard of Review

We have "emphasized the value in a district court's adhering 'meticulously' to Rule 11." *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992) (citing *McCarthy v. United States*, 394 U.S. 459, 465 (1969)).  "While recognizing that the Rule 11 procedure itself is not constitutionally mandated, . . . '[i]t is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary . . . and to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.'" *Id.* (quoting *McCarthy*, 394 U.S. at 465) (third alteration in original).

"A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).  Moreover, "a silent defendant has the burden to satisfy the plain-error rule and . . . a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

"To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).

### B.  The district court's failure to determine a factual basis, and to insure that McCreary-Redd understood the nature of the charges as it relates to count two violated Rule 11 and constitutes plain error

Under count two, McCreary-Redd pled guilty to knowingly, intentionally and without authority possessing with intent to distribute crack cocaine.  In challenging his guilty plea under count two, McCreary-Redd argues that the district court failed to determine that there was a "factual basis" for his plea — in particular the intent to distribute element of the drug offense — in violation of Rule 11(b)(3), and that the district court further failed to determine if he understood the nature of the charge to which he pled, in violation of Rule 11(b)(1)(G).  Because McCreary-Redd neglected to make these objections in the district court, we review for plain error. *See Vonn*, 535 U.S. at 59.

#### 1.  The district court's failure to determine a factual basis, and to insure that McCreary-Redd understood the nature of the charges constituted plain error

In conducting the plain error review to determine the validity of McCreary-Redd's claims, we will take up the first two prongs of the plain error test together, and then address the final two prongs separately. *United States v. Murdock*, 398 F.3d 491, 496-97 (6th Cir. 2005).

A district court errs when it "fails to comply with the clear mandate of a Federal Rule of Criminal Procedure," and this error is plain. *Id.* at 497.  Rule 11(b)(3) states that "[b]efore entering

judgment on a guilty plea, the court must determine that there is a factual basis for the plea."[1]  Fed. R. Crim. P. 11(b)(3).  "'The purpose of this requirement is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense.'" *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (quoting *United States v. Keiswetter*, 860 F.2d 992, 995 (10th Cir. 1988)). "[Rule 11(b)(3)] does not provide any guidance concerning the steps a district court should take to ensure that a factual basis exists."[2]  *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996). However, this Court, in *Tunning*, has previously provided guidance by explaining:

> The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty.  So long as the district court ensures that the defendant's statement includes conduct -- and mental state if necessary -- that satisfy every element of the offense, there should be no question concerning the sufficiency of the factual basis for the guilty plea.  This "ideal" method is by no means the only method, however.  "We recognize that the district court may determine the existence of the Rule 11(f) factual basis from a number of sources including a statement on the record from the government prosecutors as well as a statement from the defendant."  And, of course, it is possible that witnesses may be called to state the factual basis with the defendant providing confirmation.  Our inquiry turns, then, to whether the record of the plea hearing in this case establishes a factual basis for all the elements of [the charge].

*Tunning*, 69 F.3d at 112 (internal citation omitted).  We have also noted that "where the crime is easily understood, several courts have held that a reading of the indictment, or even a summary of the charges in the indictment and an admission by the defendant, is sufficient to establish a factual basis under Rule 11." *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990) (quoting *United States v. Van Buren*, 804 F.2d 888, 892 (6th Cir. 1986) (per curiam)).[3]

Similarly, Rule 11(b)(1)(G) "requires that, before a court accepts a guilty plea, it must insure that the defendant understands, *inter alia*, 'the nature of each charge to which the defendant is pleading.'" *Valdez*, 362 F.3d at 908 (quoting Fed. R. Crim. P. 11(b)(1)(G)).[4]  "Rule 11(b)(1)(G)'s requirement that a defendant understand the essential elements of the crime is integrally related to Rule 11(b)(3)'s requirement that the district court determine that the plea has a factual basis." *Id.* at 909.  Under Rule 11(b)(1)(G), "[i]n any case [simple or more complex] the district court must be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense." *Syal*, 963 F.2d at 905; *see also Van Buren*, 804 F.2d at 892.  "At a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *Valdez*, 362 F.3d at 909 (citing *Bousley v. United States*, 523 U.S. 614, 618-19 (1998)).  "'Because a guilty plea is an admission of all the elements of a formal criminal

---

[1] "[W]hen assessing whether a district court determined correctly that there was a factual basis for the plea, pursuant to Rule 11(b)(3), this Court may examine the entire record, including proceedings that occurred *after* the plea colloquy." *Spiridigliozzi v. United States*, 117 F. App'x 385, 391 (6th Cir. 2004) (unpublished) (citing *McCarthy*, 394 U.S. at 462).

[2] The plea agreement factual basis requirement was formerly contained in Rule 11(f), but has since been revised and is currently found in Rule 11(b)(3).

[3] This Court has previously held that a common drug possession and distribution crime is "easily understood." *United States v. Valdez*, 362 F.3d 903, 910 (6th Cir. 2004).

[4] "When assessing whether a district court determined correctly that the defendant understood the elements of the crimes with which he is charged, pursuant to Rule 11(b)(1)(G), however, this Court is limited to examination of the plea colloquy and what came before." *Spiridigliozzi*, 117 F. App'x at 391.

charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'" *Id*. (quoting *McCarthy*, 394 U.S. at 466). Therefore, "[s]ome rehearsal of the elements of the offense is necessary for any defendant[, and the f]ailure to identify the elements of the offense is error and cannot be said to be harmless[.]" *Syal*, 963 F.2d at 905 (internal citation omitted). "If a District Court fails to comply with Rule 11 and that failure cannot be said to be harmless, a defendant is entitled to a remedy."[5] *Id*. at 904; *see also United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988); *Van Buren*, 804 F.2d at 892.

Here, as an initial matter, it is important to note that McCreary-Redd waived the reading of the indictment. The district court, nonetheless, proceeded to purportedly determine a factual basis by accepting, but without reading aloud, the "Agreed Rule 11 Factual Basis," which, in pertinent part, states that "[i]ncident to the arrest, Officers recovered a vial attached to McCreary-Redd's key chain which contained a quantity of cocaine base, also known as 'crack,' approximately 3.0 grams that was *individually wrapped and packaged for resale*." (J.A. at 115) (emphasis added). In responding to the district court's question, "Is that the stipulation you entered into with the government," McCreary-Redd responded, "It is your honor." (Transcript of Change of Plea Hearing at 6 ("Transcript")). The record of the plea proceeding does not indicate any other instances where the factual basis was purportedly established.

A review of the record reveals that a factual basis was established to find McCreary-Redd guilty of possession, but not for possession with the intent to distribute. The government, having ample opportunity, did not make any statements regarding the offense — particularly, the intent element of the drug charge. Furthermore, the district court never asked McCreary-Redd to state, in his own words, what he believed to be the crime he committed. *See Tunning*, 69 F.3d at 112. While a possession with the intent to distribute charge would normally be "easily understood," *see Valdez*, 362 F.3d at 910, the record here is devoid of any reading of the indictment (despite McCreary-Redd's waiver), summary of the charges, or even an admission by McCreary-Redd that he intended to distribute the substance. *See Williams*, 176 F.3d at 313.

Moreover, although McCreary-Redd signed the stipulated facts, a method of establishing a factual basis, *see Baez*, 87 F.3d at 810, and agreed to them in front of the district court, the stipulated facts do not clearly support McCreary-Redd's intent to distribute the substance, a critical element of the offense. The stipulation refers to the fact that incident to McCreary-Redd's arrest, "officers recovered a vial attached to McCreary-Redd's key chain which contained a quantity of cocaine base, also known as 'crack,' approximately 3.0 grams that was *individually wrapped and packaged for resale*." However, in light of the small quantity of drugs, this stipulation, without more, is ambiguous and does not sufficiently establish that McCreary-Redd intended to distribute the substance. Indeed, based upon the facts that McCreary-Redd entered a building in a neighborhood with illegal drug activity and was apprehended upon exiting, one could equally conclude that McCreary-Redd had just purchased the substance, which would have been individually wrapped and

---

[5] We should note that "in contrast to harmless error review, plain error review puts the burden of proving a deprivation of substantial rights on the defendant and further requires the defendant to persuade the court that the error 'seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Valdez*, 362 F.3d at 908 (quoting *Vonn*, 535 U.S. at 63). More importantly, this Court has previously held that "the lack of a sufficient factual basis for a plea can never be harmless error[.]" *United States v. Williams*, 176 F.3d 301, 313 (6th Cir. 1999) (citing *Tunning*, 69 F.3d at 114-15).

packaged "for resale," for personal use.[6]  This being a possibility,[7] the stipulation, as it stands, would require an impermissible inference of McCreary-Redd's intent to distribute.[8]

"In our judgment, to permit the district court to infer a factual basis in the absence of a record demonstrating the existence of a factual basis would tend to negate the well-established safeguards inherent in the Rule 11[(b)(3)] mandate." *Goldberg*, 862 F.2d at 106.  Intent is a critical element of the drug charge, and "in the context of a challenge to the factual basis supporting a guilty plea, we have previously rejected a request by the government to infer a 'critical element' of the offense charged." *Tunning*, 69 F.3d at 113 (citing *Goldberg*, 862 F.2d at 106).  Therefore, we conclude that the record fails to clearly establish McCreary-Redd's intent to distribute in violation of Rule 11(b)(3).  *See Goldberg*, 862 F.2d at 109 (finding a violation of Rule 11 because the district court did not establish a clear factual basis).

Even assuming that an adequate factual basis was established under Rule 11(b)(3), the district court failed to determine whether McCreary-Redd understood the nature of the charge, in violation of Rule 11(b)(1)(G).  "Because a guilty plea involves the admission of all the elements of a formal criminal charge, the accused must have knowledge of all those elements." *Valdez*, 362 F.3d at 908 (citations and internal quotation marks omitted).  In compliance with Rule 11(b)(1)(G), the district court questioned McCreary-Redd to determine if he understood the "knowing" and "intent to possess" elements of the charge.  The district court asked, "All right [sic].  Approximately three grams of crack cocaine.  You understand, sir, that the amount of cocaine, crack cocaine, that you had in your possession, that you agreed was in your possession, can control the amount of your sentence in this case." (Transcripts at 6).  McCreary-Redd responded, "Yes, I have grown to understand that, your honor." *Id*.  The district court's inquiry about the elements of the charge ended here.[9]

---

**6** In *United States v. Woods*, a case involving a small amount of marijuana, this Court found that "'the packaging, the presence of a gun, [and] the presence of a vehicle in a drug area'" are "equally consistent with the *purchase* of marijuana as they are with the *distribution* of marijuana[.]"  26 F. App'x 448, 451 (6th Cir. 2001) (unpublished) (first alteration in original).

**7** The possibility that McCreary-Redd purchased the substance for personal use is illuminated by his acknowledgment of using crack cocaine in the past.  In particular, he tested positive for cocaine in July 2004 while at Midway Sanction Center, and expressed interest in a substance abuse class.  (J.A. at 203).

**8** More specifically, the inference, considering the small quantity of drugs presented in this case, is inconsistent with this Court's previous holding that "[i]ntent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone." *United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995); *see also United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006) (finding intent to distribute by evidence that defendant sold crack cocaine to an informant, and also by the quantity recovered, 28 packages of marijuana, totaling 32 grams and eight individual bags of cocaine base, totaling 7.6 grams); *United States v. Phibbs*, 999 F.2d 1053, 1065-66 (6th Cir. 1993) (finding possession of one kilogram of cocaine supports an inference of intent to distribute); *United States v. Giles*, 536 F.2d 136, 141 (6th Cir. 1976) (finding possession of approximately 123.6 grams cocaine support an inference of intent to distribute).

**9** It should also be noted that this case is distinguishable from *Edgecomb*.  In *Edgecomb*, a case involving conspiracy to possess cocaine with intent to distribute, this Court held that the government's reading of the indictment, accompanied by the court's reciting the counts and asking defendants whether they understood the charges and if they had discussed the charges with their attorneys, was procedurally sufficient to establish the defendants' understanding of charge against them.  910 F.2d at 1313.  Here, while McCreary-Redd, during the district court's allocution, agreed that his attorney had advised him of the elements and words of the offense charged, the indictment was not read and the district court did not recite the counts while confirming that McCreary-Redd understood. *See also Harton v. United States*, 1999 WL 96754, *6 (6th Cir. 1999) (unpublished) (holding that "[a]lthough the Government argues that [defendant's] plea was properly taken because [defendant] acknowledged that his attorney told him what the Government needed to prove beyond a reasonable doubt to establish his guilt, such assurances do not permit district courts to assume *ipso facto* that a defendant enters his plea with a complete understanding of the charges against him.") (citing *McCarthy*, 394 U.S. at 464); *Feltner v. United States*, 1999 WL 232702, at *4 (6th Cir. 1999) (unpublished) (holding that "[a]lthough the court did ask [defendant] whether he had discussed the charges with his counsel, this fact alone does not

Even though McCreary-Redd waived the reading of the indictment, the district court violated Rule 11(b)(1)(G) by not determining whether McCreary-Redd had knowledge and understood the intent to distribute element of the offense. *See United States v. Pena*, 314 F.3d 1152, 1156 (9th Cir. 2003) (holding that "a 'waiver of the reading of the indictment does not excuse the district court's obligation to explain the nature of the charges against [the defendant].'") (alteration in original) (citation omitted); *United States v. Blackwell*, 199 F.3d 623, 626 (2d Cir. 1999) (vacating and remanding the defendant's plea agreement because of the district court's failure to determine whether the defendant understood the nature of the charges even though defendant waived the reading of the indictment). The district court did not question McCreary-Redd to determine if he understood the intent element of the drug charge. In fact, intent to distribute, an element that is essential to McCreary-Redd's charge, was not discussed at any point during the entire plea proceeding. Thus, McCreary-Redd's guilty plea was unknowing. *See Goldberg*, 862 F.2d at 108-09 (holding that the district court's failure to inquire about or establish a clear factual basis for an element of the crime charged "reduced [the defendant's] guilty plea to an unknowing plea.").

Therefore, we are not satisfied that the district court established a factual basis in compliance with Rule 11(b)(3), and to the extent that it was established, the district court failed to determine whether McCreary-Redd understood the nature of the charges against him, in violation of Rule 11(b)(1)(G). Accordingly, we conclude that the district court's failure to comply with Rule 11 constitutes error that is plain. *See Murdock*, 398 F.3d at 497.

### 2. McCreary-Redd's substantial rights were affected by the district court's failure to comply with Rule 11

We conclude that the district court's failure to comply with Rule 11(b)(1)(G) affected McCreary-Redd's substantial rights. *See Syal*, 963 F.2d at 905 (holding that the court's failure to explain the elements of the offense affected the defendant's substantial rights).[10] We also conclude, for the reasons stated above, that the district court's failure to establish a factual basis, in violation of Rule 11(b)(3), affected McCreary-Redd's substantial rights, namely because the stipulated facts do not clearly support a finding of McCreary-Redd's guilt. *See Williams*, 176 F.3d at 313 (finding that "the lack of a sufficient factual basis for a plea can never be harmless error").

### 3. Upholding the plea agreement would seriously affect the fairness, integrity or public reputation of judicial proceedings

To uphold a conviction that does not prove McCreary-Redd's intent to distribute crack cocaine would be inconsistent with the purposes of Rule 11. Adhering to Rule 11 helps to ensure that a defendant's guilty plea is truly voluntary, a constitutional requirement. *See McCarthy*, 394 U.S. at 465; *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976) (holding that "[w]ithout adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense"). Additionally, compliance with Rule 11 creates a complete record containing the relevant factors in determining if the plea was indeed voluntary. *McCarthy*, 394 U.S. at 465.

If we were to turn a blind eye to a defective guilty plea (where the district court failed to determine a factual basis, and the defendant lacked the requisite knowledge and understanding of

---

establish that his plea was knowing").

[10] It is important to note that in *Syal*, the substantial rights violation was found under the "harmless error" review, where the burden is on the government. In the instant matter, under plain error review, McCreary-Redd has met the burden of proving that his substantial rights were affected because the record reflects the district court's failure to determine whether he understood the elements of the formal charge. *See supra* note 5.

the elements of the charge against him), such precedent would have an adverse impact which would seriously affect the fairness and integrity of the judicial proceeding. Furthermore, to uphold a conviction that does not prove McCreary-Redd's intent to distribute crack cocaine would negatively impact the reputation of judicial proceedings. After all, there is a clear distinction between pleading guilty to knowingly and intentionally possessing crack cocaine and pleading guilty to knowingly and intentionally possessing crack cocaine *with the intent to distribute*. For the reasons stated, the record in this case does not support the latter. As such, because we find that the district court's "error involves the defendant's state of mind, . . . the appropriate remedy is to vacate the plea and remand so that the defendant can plead anew." *Tunning*, 69 F.3d at 115.

### C. McCreary-Redd's guilty plea to count three is invalid

McCreary-Redd also pled guilty to count three of the indictment, which charged him with knowingly using and carrying a firearm during and in relation to a drug trafficking crime, namely possession with the intent to distribute crack cocaine as charged in count two. (J.A. at 13). Because we find that McCreary-Redd's guilty plea to count two violated Rule 11, his guilty plea to count three, a charge encompassing count two as a predicate offense, also cannot stand.

## III. CONCLUSION

For the reasons stated above, we **VACATE** the guilty plea on counts two and three and **REMAND** for pleading anew on the grounds that the district court failed to determine that McCreary-Redd understood the nature of the charges against him.