NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0314n.06

No. 08-5908

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 12, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )      ON APPEAL FROM THE
                                             )      UNITED STATES DISTRICT
          v.                            )      COURT FOR THE WESTERN
                                             )      DISTRICT OF TENNESSEE
JARROD MOORE,                                )
                                             )
    Defendant-Appellant.                     )
                                             )

BEFORE: BOGGS, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Jarrod Moore pleaded guilty to one count of being a felon in possession of a firearm and four counts of possession with intent to distribute controlled substances. On appeal, Moore contends that his guilty pleas were taken in violation of Federal Rule of Criminal Procedure 11. We disagree and affirm.

I.

On January 12, 2007, law enforcement officials executed a search warrant at 3090 Arbor Place North, Apartment 308, in Memphis, Tennessee. In obtaining the search warrant, officers of the Shelby County Sheriff's Office asserted that they had recently purchased controlled substances from Moore at the Arbor Place residence. Upon entry, officers recovered: (1) a medicine bottle containing 22 hydrocodone pills; (2) three small bags containing 4.7 grams of cocaine; (3) one small

bag containing 1.5 grams of cocaine base; (4) a tray containing 13.2 grams of marijuana; (5) a loaded Glock .40 caliber handgun; (6) a digital scale; and (7) $277 in cash. Following his arrest, Moore admitted to his ownership of the narcotics and firearm.

On September 25, 2007, a federal grand jury returned a five-count indictment charging Moore with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and four counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Specifically, Moore was charged with possession with intent to distribute cocaine, cocaine base, marijuana, and hydrocodone. Moore pleaded guilty to all five counts.

Moore's change of plea hearing was conducted on March 5, 2008. To begin, the district court asked Moore whether he had received a copy of the indictment and discussed the charges contained therein with counsel. Moore responded in the affirmative. Then, after reviewing the maximum statutory penalties for all five counts in the indictment, the district court commenced an explanation of the essential elements of the crimes charged. The district court first explained the firearm count and then moved to a description of the four drug counts.

In discussing Counts Two and Three, possession with intent to distribute cocaine and possession with intent to distribute cocaine base, the district court stated:

> Now, the government as to each one of those has to prove a couple of things. First, they have to prove that you knowingly and intentionally possessed the substance charged, either powder cocaine in Count 2 or the crack cocaine in Count 3. That means you knew you had it, you knew that it was powder cocaine or crack cocaine, and so you knowingly possessed it, you could control it. The third – the second thing they have to prove is that you possessed it with the intent to distribute it, that is to deliver all or a portion of it to another person or persons, either with or without financial gain. You could be selling it to somebody, which I think in this case, it is

probably a sting operation, or you could be giving it to a friend, either one would be possession with intent to distribute to someone else, to transfer it to another person. And so they have to prove those two things. If they fail to prove either one of those as to either of those counts, Counts 2 and 3, then as to that count, they would have to find you not guilty.

In response to this explanation, Moore asked: "So the possession would be the same as possessing with intent or just possession?" The district court answered:

Well, no, simple possession is not the same. Simple possession is you possess a small quantity, not to transfer it to another person. So personal use drugs are not the same, but if you're going to share it with a friend in the car, if you're going to sell it to somebody on the street, if you're going to give it to somebody, then that's possession with intent to distribute. That's I'm not using it myself or I'm not using all of it myself, I'm transferring all or a portion of it to another person. So that's what the government has to prove.

The district court and Moore then had the following exchange:

Q. So they charge you with intent?

A. With intent to distribute.

Q. Okay.

A. Right. Now, if you possessed it solely for the purpose of your own personal use, that's not the same thing. This is not a personal use simple possession case.

Following this exchange, the district court asked Moore whether he understood what the government would have to prove to find him guilty of Counts Two and Three of the indictment. Moore responded that he understood.

The district court then proceeded to a description of Count 4, possession with intent to distribute marijuana, explaining the essential elements as follows:

> Let's go to Count 4, because it is really the same thing as Counts 2 and 3, it just involves marijuana. It involves 13.4 grams of marijuana. They don't have to prove the exact amount, but they have to show, again, two things. One, that you knowingly possessed it, that is you got marijuana and you knew it was marijuana and you knew you could control it, and then they have to prove that you possessed it with the intent to distribute it, that is to transfer it to another person. And so, you know, it doesn't have to be all, but it has to be a portion of it, would be transferred to another person.

Once again, Moore inquired into the difference between mere possession of a controlled substance and possession with intent to distribute, stating: "You did say that makes a difference, whether it is known to be with intent or just possession, right?" The district court responded:

> Well, simple possession is not the same thing as an 841(a)(1) charge. The government has to prove that you possessed it with the intent to distribute it, to transfer it to another person. So do you understand what the government would have to prove on Count 4?

Moore then conferred with counsel. Following the receipt of counsel's advice, the district court again asked Moore if he understood the essential elements required to prove Count 4, to which he responded, "[y]es, sir."

The district court then turned to his explanation of Count Five, possession with intent to distribute hydrocodone, stating:

> And basically they're saying that you had 22 pills of Lortab, hydrocodone, with the intent to distribute it. Same thing, they have to show you knowingly possessed it, you knew you had it, knew what it was. The second thing they have to got [sic] show is that you intended to distribute all or a portion of it to someone else, you were going to transfer all or a part of it. Do you understand what the government has to prove on Count 5?

Again, Moore responded, "[y]es, sir."

Following Moore's affirmation that he understood the elements of all five counts charged in the indictment, the district court asked Moore to describe what had occurred on the day he was arrested. Moore explained that he had taken two hydrocodone pills and fallen asleep. After waking, he began to "roll up some weed," when law enforcement entered the residence. Moore denied that a drug buy had occurred at the Arbor Place residence, but admitted to his possession of the controlled substances discovered during the execution of the search warrant.

The district court then asked the government to describe the proof it would have presented if the case had proceeded to trial. The government asserted that it would have established that a controlled drug buy had taken place between Moore and law enforcement officers at the Arbor Place residence, which provided probable cause for the search. The government further stated that it would have offered the fruits of the search into evidence.

Following this proffer by the government, Moore again asserted that no drug buy had occurred at the Arbor Place residence:

> Your Honor please, Mr. Moore just – he says he does not recall any kind of sale. That doesn't mean to say that he is not intending to plead guilty to this possession charge, but he just doesn't know of a sale, at least in the near proximity to this search warrant. I think that would have had to have been within five days prior to the obtaining of the search warrant. That's the usual wording, and it has been awhile since I looked at it, but he's still – he's very puzzled about that. That's all he knows.

The district court inquired as to whether the government objected to Moore's position regarding the controlled drug buy. The government responded: "Well, Your Honor, I'm a little hesitant as to what the defendant said, but if he's willing to go ahead and say that he's pleading guilty to the charges as they are, then I guess that's fine." The district court then stated that Moore's denial of the specific

controlled drug buy did not preclude him from being guilty of possession with intent to distribute.

Defense counsel agreed with this assertion. Finally, the district court asked Moore how he wished

to plead to all five counts of the indictment, to which Moore responded: "I wish to plead guilty, sir."

At Moore's sentencing, which took place on July 16, 2008, the district court imposed a term

of 174 months of imprisonment. Specifically, the court imposed 120 months on Count One, 174

months on Counts Two and Three, and 60 months on Counts 4 and 5, all to be served concurrently.

Following the district court's pronouncement of the sentence, Moore again asserted that the

controlled drug buy had not occurred, stating:

> You said according to investigation on file, on January the 12th, the detectives, they
> did a controlled buy, and within the search warrant, that's what is like a week or so
> before then, all of this is showing that all this happened the same date, and it's not
> showing any proof, as it says, unknown amount, and I'm not arguing my innocence
> or guilt, I'm just looking at the way things are presented to show the livelihood [sic]
> of me being a criminal. The last time I came in front of you, I explained to you that
> these were drugs of possession. I mean they said that they had a sting operation, but
> nothing in the reports or the arrest warrants show anything that this – that when they
> apprehended me that it was a drug trafficking offense. I mean they charged it, I'm
> listed as in the back of here, it says drug trafficking. And merely possession of the
> drugs that I had and the amount of drugs I had, I – and without no actual proof of
> there being a drug buy[.]

The district court and Moore then had the following exchange:

A.     Well, let's talk about it just a little bit, and I hear –

Q.     My lawyer explained to me about with the intent part.

A.     Right, right, exactly. If you possess something with intent to distribute it, and
       –

Q.     But that will be up to you to decide whether it was with the intent.

A.    No, that was a plea, the plea was a plea of guilty to those charges. So I don't go back and reassess that. Now, if we want to have the jury determine that, that would have been something we would have presented to a jury.

Q.    No, I wasn't actually arguing the innocence or guilt, it was just the way that it's presented as far as how you look at it, as far as my livelihood and as judging me and giving me 14.6 years, I understand, like you say, it is strictly from Congress, and I can't argue it.

The district court then concluded the sentencing hearing. Moore thereafter filed this timely appeal.

II.

Moore asserts that his guilty pleas were taken in violation of Rule 11(b)(3) of the Federal Rules of Criminal Procedure because the district court "did not establish an adequate factual basis" with regard to the drug counts. Specifically, he asserts that the district court failed to establish that the controlled substances were intended for distribution.

Moore did not object before the district court regarding this alleged Rule 11 violation. Accordingly, we review for plain error. *United States v. Lalonde*, 509 F.3d 750, 759 (6th Cir. 2007). Plain errors are those "that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial." *United States v. Causey*, 834 F.2d 1277, 1281 (6th Cir. 1987). Under plain-error review, Moore bears the burden of demonstrating: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [this] court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings." *Lalonde*, 509 F.3d at 758 (internal quotation marks and citation omitted).

Rule 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A district court may determine that an adequate factual basis exists "from a number of sources," including a statement from the government, a statement from the defendant, or sworn witness testimony. *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir. 1995) (internal quotation marks and citation omitted). Moreover, "'[w]here the crime is easily understood, . . . a reading of the indictment, or even a summary of the charges in the indictment and an admission by the defendant, is sufficient to establish a factual basis under Rule 11.'" *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990) (quoting *United States v. Van Buren,* 804 F.2d 888, 892 (6th Cir. 1986)).

In this case, the district court properly determined that there was a sufficient factual basis to support Moore's guilty pleas. In order to establish the crime of possession with intent to distribute a controlled substance, it must be proven that the defendant: (1) knowingly; (2) possessed a controlled substance; (3) with intent to distribute. *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994). We have expressly held that possession with intent to distribute a controlled substance is a simple crime that is "easily understood." *United States v. Valdez*, 362 F.3d 903, 910 (6th Cir. 2004) (internal quotation marks and citation omitted); *see also United States v. Ferguson*, 132 F.3d 34, 1997 WL 764471, at *4 (6th Cir. Dec. 3, 1997) (unpublished table opinion) ("[C]onspiracy to possess cocaine with intent to distribute is a simple crime."). Accordingly, the district court's summary of the required elements of the crime, along with Moore's acknowledgment of guilt, is sufficient to establish a factual basis. *See Valdez*, 362 F.3d at 910 ("Since [the defendant's] crime

was not complex, his guilty plea complied with Rule 11, as long as [he] was provided with a sufficient summary of the charges against him."); *Edgecomb*, 910 F.2d at 1313. Indeed, Moore acknowledged three times during his change of plea hearing that he understood the required elements of the crime of possession with intent to distribute a controlled substance.[1]

While Moore denied that a controlled drug buy occurred at the Arbor Place residence, he did not deny that he possessed the controlled substances at issue with the intent to distribute them.[2] The district court ensured that Moore understood the difference between mere possession of controlled substances and possession with intent to distribute. Upon receiving this information, asking questions, and conferring with counsel, Moore pleaded guilty. While Moore contends that the district court "inappropriately inferred" the required element of intent, the record establishes that Moore *admitted* his intent to distribute the controlled substances by knowingly pleading guilty. Accordingly, no Rule 11(b)(3) violation occurred.

III.

---

[1]In asserting that the district court failed to establish a sufficient factual basis, Moore relies in substantial part on *United States v. McCreary-Redd*, 475 F.3d 718 (6th Cir. 2007). However, this case is easily distinguished. In *McCreary-Redd*, the district court did not read the indictment or summarize the charges for the defendant prior to taking his guilty plea. *Id.* at 723-24, 725 n.9. Indeed the required element of intent was never described to the defendant in *McCreary-Redd*. *Id.* at 725.

[2]A defendant need not intend to *sell* narcotics in order to be guilty of possession with intent to distribute. *See United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995) ("Proof of intent to *sell* is not required."); *United States v. Wallace*, 532 F.3d 126, 129 (2d Cir. 2008) ("[T]he sharing of drugs, without a sale, constitutes distribution[.]").

In his second claim of error, Moore asserts that his guilty pleas were taken in violation of Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure because the district court failed "to ensure that [he] fully understood the [possession with intent to distribute controlled substances] charges[.]" Specifically, Moore contends that he was "confused" regarding the element of intent. Again, because Moore failed to object regarding this issue before the district court, we review for plain error. *Lalonde*, 509 F.3d at 759.

Rule 11(b)(1)(G) provides that the district court "must inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading[.]" Fed. R. Crim. P. 11(b)(1)(G). Accordingly, "[t]he district court must be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense." *Lalonde*, 509 F.3d at 760 (internal quotation marks and citation omitted).

Upon review of the record, we hold that Moore understood the essential elements of the crime of possession with intent to distribute controlled substances. Indeed, the district court reviewed the elements of this crime with Moore three times during the change of plea hearing. After each explanation, Moore confirmed his understanding.[3] *United States v. Page*, 520 F.3d 545, 547 (6th Cir. 2008). Additionally, Moore was provided a copy of the indictment prior to his change of plea hearing and had discussed the charges with his attorney. *See Lalonde*, 509 F.3d at 760 (noting

---

[3]Moore contends that he exhibited confusion regarding the element of intent during his sentencing hearing. However, in assessing the district court's compliance with Rule 11(b)(1)(G), we are "limited to examination of the plea colloquy and what came before." *McCreary-Redd*, 475 F.3d at 722 n.4 (internal quotation marks and citation omitted).

that the district court complied with Rule 11(b)(1)(G) in part because "the district court confirmed that [the defendant] had read and understood the indictment and had discussed all the counts with his attorney").

More importantly, we have previously noted that in order to comply with Rule 11(b)(1)(G) for a "simple" crime, "'the district court may need only to read the indictment and allow the defendant to ask questions about the charge.'" *Id.* (quoting *Valdez*, 362 F.3d at 908). As noted above, possession with intent to distribute is a simple, easily understood crime. *Valdez*, 362 F.3d at 910; *Ferguson*, 1997 WL 764471, at *4. Here, the district court went beyond the reading of the indictment and explained to Moore all of the required elements three times. Accordingly, there is no evidence indicating that Moore did not understand the charges in the indictment at the time he pleaded guilty. Thus, no Rule 11(b)(1)(G) violation occurred.

IV.

Upon plain-error review, it is Moore's burden to demonstrate error by the district court that affected his substantial rights. He has failed to do so. Accordingly, we affirm.