**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0032n.06

No. 10-2400

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td></td><td>)</td><td>UNITED STATES DISTRICT</td></tr>
<tr><td>v.</td><td>)</td><td>COURT FOR THE  WESTERN</td></tr>
<tr><td></td><td>)</td><td>DISTRICT OF MICHIGAN</td></tr>
<tr><td>VINCENT RAYSHAWN CANADA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**

*Jan 10, 2012*

LEONARD GREEN, Clerk

BEFORE:  SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

**PER CURIAM**.  Vincent Rayshawn Canada pleaded guilty to being a felon in possession of a firearm and possession of a firearm during and in relation to a drug trafficking crime.  On appeal, he seeks to vacate his guilty plea, arguing that it was taken in violation of Federal Rule of Criminal Procedure 11.  We affirm Canada's convictions but remand for correction of a clerical error in the judgment.

On December 4, 2009, Canada was pulled over by officers of the Grand Rapids, Michigan Police Department for a traffic stop and was found to be in possession of a .380 caliber handgun, a small amount of crack cocaine, and approximately $500 in cash.  On December 16, 2009, Canada was charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.

No. 10-2400
*United States v. Vincent Canada*

§ 924(c)(1)(A). Pursuant to a plea agreement, Canada pleaded guilty to the second and third counts of the indictment.

At the plea hearing, Canada initially stated that he had been planning to personally use the crack cocaine in his possession, which was stored in two plastic baggies in his sock. After the district court explained that the offense to which Canada was pleading guilty required an intent to distribute the crack cocaine, however, Canada stated that he planned to sell it. When asked by the district court to elaborate further, Canada explained that, "if I could have had a sale, I would have probably sold it, you know. I would have sold it at that particular time." After extensive discussion with the parties, the district court concluded that there was a sufficient factual basis for the charge of possession of a firearm during and in relation to a drug trafficking crime and, without objection from either party, accepted Canada's plea. The district court sentenced Canada to consecutive terms of sixty months of imprisonment on each count, to be followed by three years of supervised release.

On appeal, Canada argues that the district court failed to establish an adequate factual basis for his plea to the charge of possession of a firearm during and in relation to a drug trafficking crime, as required by Rule 11(b)(3), and failed to advise him of any applicable forfeiture, as required by Rule 11(b)(1)(J). Because Canada did not raise these objections before the district court, we review for plain error. *See United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010). To demonstrate plain error based on an unpreserved Rule 11 violation, "a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

A district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A factual basis may be established from a variety of sources, including the defendant's

No. 10-2400
*United States v. Vincent Canada*

own statements, a statement on the record from the prosecutor, or, where the crime is easily understood, a reading of the indictment and an admission from the defendant. *See Mobley*, 618 F.3d at 545; *United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007). In order to establish that a firearm was used or carried "during and in relation to [a] drug trafficking crime," the government must prove that "the firearm furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence." *United States v. Gibbs*, 182 F.3d 408, 426 (6th Cir. 1999) (citation omitted). The predicate drug trafficking offense in this case, possession with intent to distribute crack cocaine, requires proof that Canada knowingly possessed crack cocaine with the intent to distribute it. *See United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001).

Canada, relying heavily on *McCreary-Redd*, argues that the district court failed to establish a sufficient factual basis for the intent-to-distribute element. But that case is readily distinguishable. There, the district court failed to ensure that the defendant understood that his offense required an intent to distribute and did not discuss the intent-to-distribute element at "any point during the entire plea proceeding." *McCreary-Redd*, 475 F.3d at 725. In addition, the district court relied on the facts set forth in the plea agreement to establish a factual basis for the plea, which stated only that the defendant was carrying approximately three grams of crack cocaine that were "individually wrapped and packaged for resale." *Id.* at 723. Because the defendant did not admit that he intended to distribute the crack cocaine, and because these facts were equally consistent with possession for personal use, we concluded that reliance on the stipulated facts required "an impermissible inference of [the defendant's] intent to distribute." *Id.* at 724.

In this case, by contrast, the district court engaged in an extensive discussion with Canada regarding the intent-to-distribute element, during which Canada explicitly admitted that he possessed

No. 10-2400
*United States v. Vincent Canada*

the requisite intent to distribute. Specifically, Canada stated, "I planned to sell it, sir," and, "Well, I had it for use, but, I mean, if I could have had a sale, I would have probably sold it, you know. I would have sold it at that particular time." Accordingly, it is irrelevant whether, as Canada argues, the underlying facts are insufficient, standing alone, to support an inference of an intent to distribute. There is no need to *infer* an intent to distribute because, unlike the defendant in *McCreary-Redd*, Canada *admitted* that he intended to distribute the crack cocaine. *Cf. id.* at 724. The district court did not err, plainly or otherwise, by relying on this admission to establish the factual basis for Canada's plea. *See United States v. Moore*, 423 F. App'x 495, 500 (6th Cir. 2011).

Canada also argues that there was an insufficient factual basis to establish that he carried his firearm "during and in relation to" the drug trafficking offense. Again, however, the case on which he relies, *United States v. Maye*, 582 F.3d 622 (6th Cir. 2009), is distinguishable. In *Maye*, we found plain error where the district court consistently "expressed a mistaken understanding" of what was required to establish that a firearm was possessed in furtherance of a drug trafficking crime and failed to ensure that the defendant understood this element of the offense, and there was insufficient evidence in the record that the defendant did in fact possess the weapon in furtherance of a drug trafficking crime. *Id.* at 630-31 & n.3. In this case, unlike in *Maye*, the district court properly instructed Canada on the relevant element, explaining that the government would have to prove that Canada was carrying the firearm "because of the drug-trafficking crime." Further, the evidence showed – and Canada did not dispute – that he was carrying a loaded gun in a holster and crack cocaine in his sock when he was arrested. These facts, which show that the gun had the potential to facilitate the predicate drug trafficking offense, are sufficient to satisfy the "during and in relation to" element. *See, e.g., United States v. Combs*, 218 F. App'x 483, 485 (6th Cir. 2007) (gun in

-4-

No. 10-2400
*United States v. Vincent Canada*

pocket); *United States v. Nichols*, 184 F. App'x 532, 536-37 (6th Cir. 2006) (gun in car trunk). Accordingly, no plain error occurred.

Finally, Canada argues that the district court failed to advise him of "any applicable forfeiture." *See* Fed. R. Crim. P. 11(b)(1)(J). But the indictment in this case did not include a forfeiture count, and the district court did not order forfeiture as part of Canada's sentence. Rather, it appears that the money Canada was carrying when he was arrested – $530 in cash – was administratively forfeited by the Grand Rapids Police Department. Because forfeiture was not a consequence of the district court proceeding, this advice was not required. *See id.*; *United States v. Martinez*, 385 F. App'x 594, 596 (7th Cir. 2010). Moreover, there is no evidence that, had Canada been advised concerning forfeiture, he would not have entered his guilty plea. Accordingly, any error was not plain. *See Mobley*, 618 F.3d at 544.

For these reasons, we reject Canada's claim that his guilty plea is invalid. We do, however, remand the case for correction of the judgment, which states that Canada "is adjudicated guilty of . . . Possession of Firearms in Furtherance of a Drug Trafficking Crime." The judgment should state that Canada was convicted of possession of a firearm "during and in relation to" a drug trafficking crime, the offense with which he was charged and to which he pleaded guilty. *See* 18 U.S.C. § 924(c)(1)(A); *United States v. Lloyd*, 462 F.3d 510, 513 (6th Cir. 2006) (noting that § 924(c) "creates two distinct criminal offenses"). As we have previously held, this is "a harmless, clerical error that may be corrected by the district court at any time '[a]fter giving any notice it considers appropriate.'" *United States v. Burgess*, 209 F. App'x 497, 501 (6th Cir. 2006) (quoting Fed. R. Crim. P. 36).

No. 10-2400
*United States v. Vincent Canada*

  Accordingly, we affirm Canada's convictions but remand the case to the district court for correction of the judgment.