NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0232n.06

No. 10-2526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 05, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ANTONIO LYNN FLUKER, JR., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  KETHLEDGE, WHITE, and STRANCH, Circuit Judges.

PER CURIAM.  Antonio Lynn Fluker, Jr., appeals the district court's judgment of conviction and sentence.

In April 2010, pursuant to a plea agreement, Fluker pleaded guilty to identity theft in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(d).  While Fluker was out on bond pending sentencing, a pretrial services officer filed a petition for a bond-review hearing in the district court alleging that Fluker had violated the conditions of his release (R.17).  The district court scheduled a hearing. Fluker failed to appear, and he was arrested.  He was released, however, after a forged letter from a federal magistrate judge was faxed to the jail.  Fluker was again arrested, and he allegedly acknowledged that he was responsible for the forged letter that was sent to the jail (R.30 at 3-4).

In October 2010, eight days before his sentencing hearing, Fluker moved to withdraw his guilty plea (R.28).  He argued that the amount of loss resulting from his crimes was less than $70,000, not more than $200,000 as stipulated in the plea agreement, and that he entered his guilty

plea only because it allowed him to receive a three-level reduction to his total offense level for acceptance of responsibility. Because the government was no longer willing to recommend the three-level reduction in light of Fluker's post-plea activities, Fluker sought to withdraw the plea. The district court denied Fluker's motion. It calculated his guidelines range of imprisonment to be 92 to 115 months and sentenced him to 105 months in prison (R.44 at 71).

On appeal, Fluker argues that the district court erred by concluding that there was a sufficient factual basis for his guilty plea because the court did not establish that he used a means of identification that he knew belonged to another person as required by § 1028(a)(7). He also argues that the district court erred by denying his motion to withdraw his guilty plea. Because Fluker failed to argue in the district court that there was not a sufficient factual basis for his guilty plea (R.43 at 21), we review the claim for plain error. *See United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007). To establish plain error, Fluker must show that an obvious or clear error affected both his substantial rights and the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

The indictment alleged that Fluker committed identity theft by using a credit card issued in the name of another person, Volker Poenisch, to perpetrate bank fraud (R.3 at 2). Likewise, the plea agreement stated that the factual basis for Fluker's crime was that he perpetrated bank fraud using a credit card that he obtained using Poenisch's name and other personal identifying information (R.16 at 2-3). At the plea hearing, the district court reviewed with Fluker those portions of the indictment and plea agreement, and he agreed that the charges were true and accurate (R.43 at 6, 12-13). Fluker then testified that he "got online and applied for a credit card" in Poenisch's name "[t]o

try to fraud him or whatever" and "[t]o try to get goods and stuff from him, from the credit card."

When the district court asked whether Fluker "used this individual's identity," he responded in the affirmative (*id.* at 19-20). The district court did not plainly err in determining that there was a sufficient factual basis for Fluker's guilty plea because the court's colloquy with Fluker established that he used a means of identification that he knew belonged to another person as required by the statute. *See* 18 U.S.C. § 1028(a)(7); *McCreary-Redd*, 475 F.3d at 722 (noting the various ways in which a district court may satisfy the requirements of Federal Rule of Criminal Procedure 11, including "ensur[ing] that the defendant's statement includes conduct—and mental state if necessary" that satisfies the elements of the offense).

Fluker also argues that the district court erred by refusing to allow him to withdraw his guilty plea because he moved to withdraw the plea before the district court accepted it and he demonstrated a fair and just reason for requesting the withdrawal. A defendant may waive any right by means of a plea agreement, including his right to appeal the denial of a subsequent motion to withdraw his guilty plea. *United States v. Toth*, 668 F.3d 374, 377-79 (6th Cir. 2012). A waiver of appeal rights may be challenged on the grounds that it was not knowing or voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel. *Id.* at 377-78. "Thus, an appeal waiver is enforceable if the defendant's waiver of his appellate rights was knowing and voluntary." *Id.* at 379. Apart from arguing that the factual basis for his plea was inadequate, Fluker does not claim that his wavier was unknowing or involuntary. Under the plea agreement, Fluker could withdraw his guilty plea "if the court decide[d] to impose a sentence higher than the maximum allowed by this agreement," which it did not. Fluker agreed in the plea agreement to

waive his right to appeal his conviction and agreed not to contest his conviction in any post-conviction proceeding. Thus, the plea waiver applies to this challenge. *See id.* at 378-79 (holding that, subject to provisos including that the waiver be knowing and voluntary, "an appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision").

Assuming this argument is properly before us, it fails because the district court did not abuse its discretion in denying Fluker's motion to withdraw his plea. *See United States v. Benton*, 639 F.3d 723, 726-27 (6th Cir.) (observing that the district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion), *cert. denied*, 132 S. Ct. 599 (2011). Despite Fluker's argument to the contrary, the district court had accepted his guilty plea well before he moved to withdraw it (R.43 at 22). Further, the district court reasonably determined that Fluker had failed to show a fair and just reason for requesting the withdrawal, given that he waited over six months to attempt to withdraw the plea, he did not assert his innocence, he had experience with the criminal justice system, and his primary basis for withdrawing the plea was that his own conduct had prevented him from receiving an offense-level reduction for acceptance of responsibility. *See id.* at 727-29 (holding that the district court did not abuse its discretion in denying a motion to withdraw a guilty plea where all the factors weighed against the defendant).

Accordingly, we affirm the district court's judgment.