NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0060n.06

No. 15-6436

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 24, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| JOSE MARIO GUZMAN, JR., | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Defendant-Appellant. | ) | DISTRICT OF KENTUCKY |

Before: BATCHELDER, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Jose Guzman pleaded guilty to conspiracy to distribute methamphetamine. He now challenges the district court's acceptance of his guilty plea. We reject his arguments and affirm.

On April 9, 2015, Guzman was indicted for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. According to the plea agreement, in October and early November 2014, Guzman made phone calls and sent text messages to an informant and an undercover police officer to set up a methamphetamine sale. Guzman eventually agreed to sell three pounds of methamphetamine to the officer for $45,000. On November 5, 2014, Guzman and his two co-defendants, Ariel Ceballos and Carlos Garza, met with the informant in Grayson, Kentucky before heading to the sale. Guzman then drove Ceballos to the sale in a pickup truck, while the informant drove with Garza. On the way, officers stopped the pickup truck, searched

it, and found 1.18 kilograms of a mixture containing methamphetamine. The plea agreement originally stated that Guzman had placed the drugs in the truck, but Guzman and the government agreed to strike that factual assertion from the agreement.

Guzman signed the plea agreement. At his plea hearing, the district court asked him whether the government would be able to prove all the facts in the plea agreement beyond a reasonable doubt. Guzman responded that the government would be able to prove "some, but not all of [them]." Specifically, Guzman said, he did not send the text messages from his phone and did not speak to the informant on the day of the sale. Guzman acknowledged that the government had recordings of calls between him and the informant about the drug deal; but Guzman said he was just serving as an interpreter (presumably for his co-defendants) during the calls. The court then explained to Guzman that "knowingly assist[ing] someone in a conspiracy" is proof that Guzman joined the conspiracy. Further, Guzman's attorney noted that Guzman was present on the day of the sale, and Guzman admitted that he was driving the truck. Despite Guzman's objections to some of the evidence, he eventually admitted that there was enough evidence for a jury to find him guilty beyond a reasonable doubt.

The district court thus found that Guzman's guilty plea had a sufficient factual basis. Thereafter, the court sentenced him to 240 months' imprisonment. This appeal followed.

Guzman argues that the district court should have rejected his guilty plea for two reasons. Guzman made neither argument to the district court, so we review only for plain error. *United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010). Guzman first argues that the district court failed to determine that he understood the nature of the charge against him. *See* Fed. R. Crim. P. 11(b)(1)(G). Per that rule, the district court must ensure that the defendant "understand[s] the critical or essential elements of the offense to which he or she pleads guilty." *United States v.*

*Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (internal quotation marks omitted). Here, the court discussed the elements of conspiracy with Guzman, who stated that he understood them. The court also explained to Guzman that acting as an interpreter is a form of assistance, which here was sufficient proof that he joined the conspiracy. Guzman confirmed that he understood this explanation. Hence the district court properly concluded that Guzman understood the nature of the offense.

Guzman next argues that his guilty plea lacked a sufficient factual basis. Before the district court enters judgment on a guilty plea, "the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A plea has a factual basis if there is "some evidence that a defendant actually committed the offense." *United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007) (internal quotation marks omitted).

Guzman argues specifically that he never acknowledged to the district court that he "engag[ed] in any of the elements of" conspiracy. Guzman Br. at 8. Under 21 U.S.C. § 846, conspiracy has three elements: that there was an agreement to violate drug laws (here, 21 U.S.C. § 841(a)(1)), that the defendant knew of and intentionally joined the conspiracy, and that he participated in the conspiracy. *United States v. Sliwo*, 620 F.3d 630, 633 (6th Cir. 2010). Here, Guzman admitted that he facilitated the conspiracy by acting as an interpreter for his co-defendants on phone calls with the informant. He was also driving the truck carrying the methamphetamine when it was pulled over. Guzman correctly states that he never admitted he knew he was driving the truck to a drug deal. But his admission that he acted as an interpreter on calls facilitating the deal shows that he knew the purpose of the trip. Taken together, these facts are enough to establish that there was an agreement to distribute methamphetamine, and that

Guzman knew about, joined, and voluntarily participated in the conspiracy. The district court therefore correctly determined that the plea had a factual basis.

Guzman also argues that his counsel was ineffective for failing to present during the plea colloquy the same arguments he presents here. *See Strickland v. Washington*, 466 U.S. 668 (1984). But those arguments are without merit, as shown above, and thus counsel had no duty to make them. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

The district court's judgment is affirmed.