NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0385n.06

No. 18-3431

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 30, 2019
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA

      Plaintiff-Appellee,

v.

THOMAS D. BROWN

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

Before: McKEAGUE, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Thomas Brown pled guilty to two counts of sexual exploitation of a minor, one count of receiving sexually exploitative material involving a minor, and one count of possession of child pornography. He now argues that his plea lacked a factual basis as to the counts for sexual exploitation and that his sentence was procedurally and substantively unreasonable. We reject his arguments and affirm.

I.

In May 2017, FBI agents identified an IP address that had been used to download files of child pornography in Canton, Ohio. That IP address belonged to Thresa Roach. Pursuant to a warrant, agents searched Roach's computers at her home, but did not find any child pornography. During the search, however, Roach told the agents that her boyfriend, Brown, had previously lived at the home with her and her two daughters, and had kept a computer of his own there. The agents then obtained a warrant to search Brown's home, where they found child pornography on his

computer. Brown admitted to the agents that he had viewed and downloaded child pornography, engaged in sexual conduct with one of Roach's daughters, and used a "spy" camera to film the girls in the shower.

A grand jury thereafter indicted Brown on two counts of sexual exploitation of a minor in violation of 18 U.S.C § 2251(a) (Counts 1 and 2), one count of receipt of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C § 2252(a)(2) (Count 3), and one count of possession of child pornography in violation of 18 U.S.C § 2252A(a)(5)(B) (Count 4). The first two counts were related to Brown's production of the sexually explicit videos involving Roach's daughters between January 2014 and May 2017. Brown pled guilty to all four counts without a plea agreement.

At sentencing, Brown objected to a five-level enhancement under U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct. The district court held that the § 4B1.5(b)(1) enhancement was proper but chose not to apply it. That left Brown with a Guidelines range of 324 to 405 months' imprisonment.

The court sentenced Brown to 360 months' imprisonment on Counts 1 and 2, to be served concurrently; 240 months on Count 3, with 45 months to be served consecutively to the sentences in Counts 1 and 2; and 120 months on Count 4, to be served concurrently with Count 3—for a total of 405 months' imprisonment. This appeal followed.

II.

A.

Brown argues that the government failed to present a sufficient factual basis for his guilty plea on the sexual-exploitation convictions. Specifically, Brown says that the government failed to show that he produced a visual depiction of sexually explicit conduct. A factual basis for a plea

exists if there is "some evidence that a defendant actually committed the offense." *United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007) (citation omitted). As relevant here, "to violate § 2251(a), a defendant must sexually exploit a minor for the purpose of producing a visual depiction of this exploitation[.]" *United States v. Lively*, 852 F.3d 549, 561 (6th Cir. 2017). Producing, as defined under § 2251(a), is interpreted "broadly and non-technically," and includes "surreptitiously created videos." *United States v. Wright*, 774 F.3d 1085, 1091–92 (6th Cir. 2014). Here, Brown twice admitted—first to FBI agents who searched his home and later in court—that he used a camera surreptitiously to videotape his girlfriend's minor daughters while they were in the bathroom and in the shower. Hence there was a factual basis for Brown's guilty plea on these counts.

## B.

### 1.

Brown argues that the district court impermissibly double-counted when it held that both U.S.S.G §§ 2G2.2(b)(5) and 4B1.5(b)(1) could apply to his sentence. But § 4B1.5(b)(1) expressly states that an enhancement under § 4B1.5(b)(1) and an enhancement under "Chapter[] Two" of the Guidelines—which includes § 2G2.2(b)(5)—may apply in a single "case[.]" Moreover, the court did not in fact apply the enhancement under § 4B1.5(b)(1) in determining Brown's Guidelines range. We therefore reject this argument.

Brown also argues that his sentence is procedurally unreasonable in various respects. When the district court asked Brown whether he had any objection to his sentence, his counsel responded with only a general objection rather than the objections he makes now. We therefore review the procedural reasonableness of his sentence for plain error. *See United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004).

Brown first contends that the court should not have increased his criminal history by two points under U.S.S.G § 4A1.1(d). That provision directs courts to add two points to a defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence, including probation[.]" Here, Brown had a 2015 conviction in Ohio for "menacing," for which he was given a 180-day suspended sentence and was ordered to have "[n]o law violations for 2 years." An Ohio condition to "obey [the] laws" is the "functional equivalent of probation" for purposes of § 4A1.1(d). *United States v. DeJournett*, 817 F.3d 479, 484 (6th Cir. 2016) (citation omitted). Thus, the district court properly applied the Guideline.

Brown next contends that the district court did not adequately explain its decision to impose consecutive sentences. A district court adequately explains a sentence when "it addresses the factors from 18 U.S.C. § 3553(a) that are relevant to the . . . decision." *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015); *see* 18 U.S.C. § 3584(a),(b).

Here, the court emphasized that Brown "pose[d] a serious threat to minors in the community, . . . because of his impulse to engage in conduct with minors and to view child pornography." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The court also said that Brown's admission that he had sexually exploited two minors on multiple occasions "set[s] this case apart from . . . the child pornography cases that the Court typically hears that just involve images on computers only." The court also cited the horrific "nature of [ ] the pornographic images and videos" and the large quantity of child pornography that Brown possessed—535 videos and 2,786 images. *See id*. The district court thus made clear its rationale for imposing the consecutive sentence, which means that its explanation was adequate. *See United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998).

2.

Brown argues that his 405-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. O'Georgia*, 569 F.3d 281, 288 (6th Cir. 2009). A sentence is substantively unreasonable when the district court bases it "on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015) (citation omitted). Here, Brown's sentence fell within his Guidelines range, so it is presumptively reasonable. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Brown says the district court did not consider various factors that he sees as mitigating, such as his light criminal history, troubled childhood, and mental-health problems. But the record shows otherwise. Among other things, the court expressly stated that it had "considered the mitigating factors, that Mr. Brown has a minimal criminal record, and also events that occurred in his childhood and his mental health diagnosis." Brown's argument is meritless.

Likewise meritless is Brown's contention that the district court placed too much weight on certain remarks in his allocution and overlooked his remorse and confession. For again the record shows that the district court acknowledged Brown's statements; and the court was entirely within its discretion to provide that Brown's comments in allocution to some extent conflicted with his expression of remorse. Brown's sentence was substantively reasonable.

C.

Finally, Brown argues that his counsel was ineffective in various respects. But we generally will not adjudicate a claim of ineffective assistance of counsel on direct appeal unless "the parties have adequately developed the record." *United States v. Ferguson*, 669 F.3d 756, 762

(6th Cir. 2012).  The record is not adequately developed here, and Brown otherwise has not offered any reason to depart from the general rule.  We therefore do not address that argument in this appeal.

*    *    *

The district court's judgment is affirmed.