NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0280n.06
Filed: April 13, 2009

No. 07-3067

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LUIS ARIAS, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SILER, GILMAN, and KETHLEDGE, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Luis Arias pled guilty in September 2006 to two counts of an indictment relating to his role in a drug conspiracy. He now appeals his 151-month sentence, arguing that the district court erred by classifying him as a career offender and by imposing an unreasonable sentence. The government has filed a motion asking us to dismiss the appeal because, as part of the plea agreement, Arias waived the right to appeal his sentence. For the reasons set forth below, the government's motion to dismiss Arias's appeal is **GRANTED**.

## I. BACKGROUND

This case arose from a drug conspiracy involving Arias and 23 codefendants. Arias pled guilty to two of the multiple counts against him. One of the relevant counts alleged a conspiracy to possess and distribute more than five kilograms of cocaine and marijuana, and the other accused him

of possessing with the intent to distribute 500 grams or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The government agreed to dismiss the remaining counts. In addition, the government agreed to "recommend that the Court impose a sentence within the range determined pursuant to the advisory United States Sentencing Guidelines . . . in accordance with the computations and stipulations set forth below [in the agreement]." (Plea Agreement at ¶ 5).

Regarding Arias's base offense level, the parties "agree[d] and stipulate[d]" that the relevant drug quantity was "at least 15 kilograms, but less than 50 kilograms" of cocaine, "which corresponds to a U.S.S.G. base offense level of 34." The parties further agreed that "this offense level should be increased by two (2) levels [to 36] pursuant to U.S.S.G. § 3B1.1(c) because [Arias] was an organizer, leader, manager, or supervisor in the conspiracy." (Plea Agreement at ¶ 8) From this stipulated starting point of 36, the government agreed to "recommend a three-level reduction in the Sentencing Guideline calculation" for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (Plea Agreement at ¶ 9) In an addendum to the plea agreement, the government also agreed to move for a reduction in Arias's offense level of up to five additional levels "to credit [him] for substantial assistance" under U.S.S.G. § 5K1.1. (Addendum at ¶ 5) The stipulated final offense level under the plea agreement was thus 28.

Arias's criminal history category was left for future determination. He accordingly acknowledged his "understand[ing] that his criminal history category w[ould] be determined by the Court after an investigation by the United States Probation Office." (Plea Agreement at ¶ 10) Arias further acknowledged through the plea agreement his "understand[ing] that any recommendations contained [in the agreement] are not binding on the Court, and the Court may impose any sentence

provided by law." He further conceded that "if the Court impose[d] a sentence different from what is recommended by the government, [he would have] no right to withdraw his guilty plea." (Plea Agreement at ¶ 5)

Finally, Arias expressly waived his right "to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742," except that he

> expressly reserve[d] the right to appeal (a) any punishment in excess of the statutory maximum; and (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the stipulations and computations in [the] Agreement, using the Criminal History Category found applicable by the Court.

(Plea Agreement at ¶ 13)  In the addendum to the plea agreement, Arias once again conceded that he would "not be permitted to withdraw his agreement to plead guilty" if the district court rejected the parties' stipulations.  (Addendum at ¶ 9)

Arias was sentenced in September 2006.  The district court accepted all of the parties' stipulations and agreed that the appropriate base offense level was 34.  (Sentencing Tr. at 10)  But because the district court adopted the Probation Office's determination that Arias was a career offender, the district court increased the starting offense level to 37.  *See* U.S.S.G. § 4B1.1 (setting the offense level for career offenders at 37 where the crime of conviction carries a statutory maximum sentence of life imprisonment).  This resulted in a final offense level (after the agreed-upon reduction and downward departure) of 29—one level higher than the level 28 that the parties had stipulated to in the plea agreement.  (*Id.*)  Arias's career-offender designation led to a criminal history category of VI, with the resulting advisory Guidelines range being between 151 and 188 months of imprisonment.  The district court sentenced Arias to 151 months' imprisonment, the

bottom of the applicable range. (*Id.* at 19) Arias now appeals, asserting that the district court erred in classifying him as a career offender and in fashioning a sentence that is substantively unreasonable.

## II. MOTION TO DISMISS

The government has moved for the dismissal of Arias's appeal on the basis of the waiver provision in his plea agreement. We review the validity of appellate-waiver provisions de novo. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). Such provisions are enforceable so long as the plea was voluntary and the colloquy was proper under Rule 11 of the Federal Rules of Criminal Procedure. *See id.* at 363. Arias argues that because "there is no evidence to suggest anyone advised [him] of the possibility he could be classified as a career offender and therefore exposed to significantly enhanced penalties[,]" his "waiver was not knowing[], intelligent[], and voluntary." *See United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001) ("The sine qua non of a valid waiver is that the defendant enter into the agreement knowingly and voluntarily." (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987))).

But, just as in *Fleming*, "[t]he record here clearly demonstrates that [Arias] understood the waiver contained in the plea agreement and consented to it voluntarily." *See id.* At the change-of-plea proceeding, the district court verified Arias's understanding "that there [was] no agreement about what [his] criminal history would be." (Plea Tr. at 13) The court also asked Arias whether he "g[a]ve up [his] right to appeal [his] sentence, except if it exceeds the statutory maximum or it is an upward departure from the range set out in [the] plea agreement." (*Id.*) Arias answered

affirmatively. And Arias repeatedly confirmed his awareness that, whatever the sentence chosen by the district court, he could not withdraw his guilty plea. No suggestion appears in the record that Arias's decisions to plead guilty and to waive his right to appeal were anything but fully informed and voluntary.

The only remaining question, then, is whether Arias's sentence is appealable because it fits within either of the two exceptions to the waiver provision. Because Arias's 151-month sentence does not exceed the statutory maximum of life imprisonment, he may appeal only "to the extent [that his sentence] exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the stipulations and computations in [the] Agreement, using the Criminal History Category found applicable by the Court." (Plea Agreement at ¶ 13)

As discussed above, the parties' "stipulations and computations" arrived at a final offense level of 28 and left the criminal history category to be determined later. The district court did not apply the offense level agreed upon by the parties in light of its finding that the career-offender provision applied to Arias, but instead used a final offense level of 29 to determine the sentence. Arias now argues that the career-offender designation does not apply to him. But he voluntarily agreed not to appeal *any* sentence imposed by the court—even one arguably based on an erroneous interpretation of the Guidelines—so long as it did not exceed the maximum possible sentence that corresponds to the stipulated offense level of 28. *See United States v. McNamee*, No. 01-3384, 2003 WL 463489, at *3 (6th Cir. Feb. 19, 2003) (holding that a waiver of the right to appeal pursuant to 18 U.S.C. § 3742 includes a waiver of the right to challenge a career-offender enhancement).

In essence, Arias agreed not to appeal any sentence less than 175 months of imprisonment, the top of the range for an offense level of 28 and a criminal history category of VI. Because Arias's sentence is 151 months, he is precluded from appealing despite his belief that the court erred in designating him as a career offender.

When Arias entered his plea agreement, he expected that he would fall within a lower offense level and criminal history category. He was unpleasantly surprised by the court's conclusion that the career-offender provision applied to him. But the unexpected change did not increase Arias's sentence beyond the range contemplated in the waiver provision of his plea agreement. We therefore have no basis to consider his argument that he is not a career offender, and we have no choice but to dismiss his appeal.

### III. CONCLUSION

For all of the reasons set forth above, the government's motion to dismiss Arias's appeal is **GRANTED**.