NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0251n.06

No. 11-2586

FILED
**Mar 11, 2013**
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff-Appellee,** | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| TERRENCE TYLER, | ) EASTERN DISTRICT OF MICHIGAN |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |
| | ) |

BEFORE:    MERRITT, CLAY, and GRIFFIN, Circuit Judges.

**MERRITT, Circuit Judge.**  Terrence Tyler was sentenced to 262 months' imprisonment after pleading guilty to one count of conspiring to possess cocaine with intent to distribute.  He appeals the sentence, arguing that it was procedurally unreasonable because two of the district court's calculations violated his plea agreement.  Because Tyler waived his appeal rights and because the waiver applies in this circumstance, we dismiss.

Before the presentence report was compiled, Tyler signed a plea agreement setting a sentencing range of 210–262 months.  The agreement stipulated that the sentencing range would be adjusted upward if the presentence report revealed (and the district court found) additional crimes to support a higher criminal history category.  The record of the arraignment shows that Tyler

understood the agreement and that it was voluntary. He does not challenge the voluntariness of the plea on appeal.

The plea agreement used a set of worksheets to calculate a criminal history category of VI based on eighteen criminal history points. Six criminal history points stemmed from two drug trafficking charges, and six more stemmed from two counterfeiting charges. The plea agreement also listed, but assigned no points to, a conviction for manufacture of heroin. The district court's application of additional points for the heroin conviction provides the basis for Tyler's first argument. Additionally, the plea agreement forbade application of the career-offender guideline, U.S.S.G. § 4B1.1.[1] The presentence report applied it, however, recommending a sentencing range of 262–327 months. The district court imposed a sentence of 262 months, which was at the bottom of the career-offender range and the top of the plea-agreement range. The district court's apparent reliance on the career-offender guideline provides the basis for Tyler's second argument.[2]

---

[1] The plea agreement provided that "if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range." R. 70, Rule 11 Plea Agreement at 4.

[2] The district court explained the sentence as follows:
> Mr. Tyler, the Court has reviewed your file, the presentence report, the Rule 11 Plea Agreement and I find the facts set out in the presentence report and used in the calculation of the offense level and the criminal history category are accurate and that the calculation itself in the sentencing guideline range is accurate. Some of that repeats what I said earlier but that is consistent with a criminal history category of six and an offense level of 34 which reduces the guideline range of 262 to 327. Following the Rule 11 Plea Agreement we are together only on the middle figure of 262.

Sentencing Hr'g at 15.

We begin by addressing the government's contention that Tyler's appeal is waived. In the plea agreement, which the district court accepted, Tyler waived "any right" to appeal if the sentence did not exceed 262 months.[3] We have consistently enforced such appeal waivers where they are made knowingly and voluntarily. *See, e.g.*, *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012); *United States v. McGilvery*, 403 F.3d 361 (6th Cir. 2005); *United States v. Calderon*, 388 F.3d 197 (6th Cir. 2004).

Tyler's 262 month sentence conformed to the written agreement. This fact does not necessarily require dismissal, however, because at Tyler's arraignment the parties called the agreement as written into question. Tyler objected that his criminal history category should actually have been a V, and his sentencing range thus reduced to 188–235 months, because in reality he had a single drug trafficking charge and a single counterfeiting charge, not two of each as the plea agreement proposed. The government responded that "[i]n the event . . . that his criminal history is lower, resulting in a lower guideline calculation, the Government would agree that that is the agreed upon calculation for the purposes of the Rule 11 Agreement." R. 83, Plea Hr'g at 17. Tyler indicated his understanding of this change. This colloquy established that if the presentence report produced a lower sentencing range by virtue of a lower criminal history category, then the plea agreement would permit appeal from a sentence of 262 months.

---

[3] The plea agreement provided that if "the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence." R. 70, Rule 11 Plea Agreement at 7. Part 3 stipulated that "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B." *Id.* at 5–6. In turn, Paragraph 2B stated that the sentencing range must be 210–262 months.

The presentence report, however, yielded a criminal history category of VI, the same criminal history category upon which the range in the written agreement was based. Tyler was correct that his trafficking and counterfeiting convictions had been miscounted—resulting in a reduction of the criminal history category to V—but he had neglected to disclose convictions for false certification of driving documents. These convictions, combined with other adjustments, brought him to sixteen criminal history points and back into a criminal history category of VI.[4] Addition of these points was permitted in the written plea agreement, which anticipated an upward adjustment of the sentencing range if the agreement did not correctly calculate criminal history. Given that the presentence report and the written agreement reached the same criminal history category, 262 months remained the threshold sentence for waiver.

Tyler stresses that we must account for the increase in his total offense level due to application of the career-offender guideline. The presentence report initially calculated a total offense level of 31, then raised that to 34 as the career-offender guideline instructs. The result was to increase Tyler's sentencing range from 188–235 months to 262–327 months. Tyler argues that the part of the plea agreement forbidding application of the career-offender guideline entitles him to be sentenced within the lower range.

There are two problems with this argument. The first is that the agreement conditioned Tyler's right to appeal on imposition of a sentence in excess of 262 months. The district court's

---

[4] The presentence report included three criminal history points for the heroin conviction. Tyler argues that use of these points contradicted the plea agreement, which assigned no points to the heroin conviction. Maybe so, maybe not, but any error is harmless. Because thirteen criminal history points establish a criminal history category of VI, Tyler would have had a VI even without the three points for the heroin conviction.

consideration of the career-offender guideline does not negate that condition. Even assuming the district court committed error by considering the career-offender provision, Tyler agreed not to appeal that error if his sentence did not exceed 262 months. *See United States v. Arias*, 321 F. App'x 439, 442 (6th Cir. 2009) (upublished).

The second problem is that the oral modification to the plea-agreement range was contingent upon a reduction of Tyler's criminal history category. The total offense level had nothing to do with it. Though at sentencing he asserted that he would not have pled if he knew the court would use a higher total offense level than stated in the plea-agreement worksheets, Tyler never attempted to withdraw his plea. Nor did he object when the district court announced the sentence. In short, Tyler agreed that he would be sentenced within a certain range, not that a particular total offense level would be used to calculate that range.

Tyler was sentenced within the range he knowingly bargained for, so his appeal waiver applies.[5] Accordingly, the appeal is dismissed.

---

[5] We recognize that a motions panel previously denied the government's motion to dismiss based on the appeal waiver in the plea agreement. However, that panel did not have the benefit of a full merits briefing. Upon review of this additional briefing, the applicability of the appeal waiver becomes evident.