NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0010n.06

Case No. 19-2450

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**FILED**

Jan 06, 2021

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| MICHAEL ASH, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**BEFORE: CLAY, GILMAN, and THAPAR, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Michael Ash's appeal is based on his contentions that the district court should not have accepted his guilty plea because the plea lacked a factual basis and that the court incorrectly classified him as a career offender. For the reasons set forth below, we reject his contentions and **AFFIRM** the judgment of the district court.

## I.    BACKGROUND

A federal grand jury indicted Ash on two counts of possessing a firearm as a convicted felon based on two separate incidents, both in violation of 18 U.S.C. § 922(g)(1). When law-enforcement officers executed an arrest warrant to apprehend Ash, they found him in possession of 14 grams of methamphetamine, a scale, and a knife. The grand jury subsequently returned a superseding indictment charging Ash with an additional count for possession of five grams or more of methamphetamine with the intent to distribute the drug, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii).

In July 2019, Ash signed a plea agreement admitting his guilt with regard to all three counts. The agreement included a section concerning the factual basis for Ash's plea, wherein he admitted to possessing, with the intent to sell, 14 grams of methamphetamine at the time of his arrest. He also agreed to waive most of his rights to appeal and to collaterally attack his sentence.

Ash pleaded guilty before a magistrate judge soon after signing the plea agreement. During the change-of-plea hearing, Ash stated that pleading guilty was "voluntary and a free will act." The government then recited the factual basis for the plea, including the facts involving Ash's possession of methamphetamine and his intent to distribute it. Ash was then asked about his understanding of the factual basis for his plea. The magistrate judge specifically asked Ash about the methamphetamine that he possessed at the time of his arrest:

> THE COURT: Okay. And the methamphetamine that was in your possession at the McDonald's, was that—were you intending to sell that to people?
>
> THE DEFENDANT: Yes, ma'am.

Defense counsel then interjected:

> MR. GRONDZIK: To clarify, I think what Mr. Ash has told me in the past is, that specific 13 grams was not a sale quantity, it was a use—personal use quantity, but he had sold other methamphetamine associated with that same amount, so. It's a minor distinction, but just to clarify for the record.

Ash then stated that he had "distributed the quantity that was in that bag previous[ly], but the bag in [his] pocket was [his] personal bag." This caused the magistrate judge to express concern that this information "might not satisfy the elements of the crime," and the government agreed. Upon further questioning, Ash admitted that he had possessed and sold methamphetamine at an earlier point on the day of his arrest.

The magistrate judge then found that the plea was made knowingly and voluntarily, that Ash understood the charges and penalties, and that a factual basis for the plea existed. Later that

day, the magistrate judge issued a Report and Recommendation, to which Ash did not object, recommending that the court accept Ash's guilty plea. The district court issued an order adopting the Report and Recommendation soon thereafter.

Prior to sentencing, an officer from the United States Probation Office prepared a presentence report. The officer found that Ash was subject to the career-offender enhancement, which resulted in a Guidelines range of 188 to 235 months' imprisonment. Ash objected to the presentence report and asserted that, under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), he did not qualify as a career offender because his 1995 conviction for the delivery/manufacture of cocaine did not constitute a predicate offense. He repeated this argument in his sentencing memorandum.

At sentencing, the district court formally accepted the plea agreement. The court also heard argument on Ash's objection to the career-offender designation and overruled it. As a result, the court sentenced Ash to a term of imprisonment of 188 months, the low end of Ash's Guidelines range. Ash then filed this appeal, arguing that the district court erred by (1) accepting his plea because there was an inadequate factual basis for the plea under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, and (2) classifying Ash as a career offender.

## II.   ANALYSIS

### A.   The district court did not err in accepting Ash's guilty plea

Because Ash did not raise any Rule 11 objections below, we review whether the district court had a sufficient factual basis to enter judgment on his guilty plea under the "plain error" standard. *See United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected [the] defendant's substantial rights; and

(4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007) (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)).

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "The purpose of this requirement is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (quoting *United States v. Keiswetter*, 860 F.2d 992, 995 (10th Cir. 1988)).

This court has held that "[t]he ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty." *Id.* at 112. But "when a plea agreement's written description of the essential facts underlying the charge supports a finding of guilty, the defendant's express acknowledgement of the accuracy of the agreement's provisions satisfies the requirements" of Rule 11. *United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996). "In reviewing whether a district court had a factual basis for a plea, . . . we 'may examine the entire record, including proceedings that occurred *after* the plea colloquy.'" *Mobley*, 618 F.3d at 545 (emphasis in original) (quoting *McCreary-Redd*, 475 F.3d at 722 n.1).

Ash contends that the district court lacked a sufficient factual basis to find that he intended to distribute methamphetamine. We disagree. To begin with, the plea agreement itself identified a sufficient factual basis. The agreement states that, on the date of his arrest, "Ash knowingly possessed approximately 14 grams of pure methamphetamine[,] had the methamphetamine in his pocket along with a digital scale and a knife[, and] intended to sell the methamphetamine to other people." Ash signed the agreement, acknowledging that he understood its terms and voluntarily

agreed to them. During the plea hearing, Ash again confirmed that he had reviewed the plea agreement and voluntarily and knowingly agreed to its terms. The district court therefore had a sufficient factual basis to accept Ash's plea. *See Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 547 (6th Cir. 2014) ("[B]ecause Mirando expressly acknowledged the accuracy of the provisions of his plea agreement by signing and entering it, Rule 11(b)(3) has been satisfied.").

Ash contends, however, that he expressly indicated that he did not agree with the factual basis of his plea when he informed the magistrate judge that the drugs uncovered by the police were from his "personal bag." Upon further questioning, however, Ash admitted that he had sold methamphetamine on the date charged in the superseding indictment from the same bag that he possessed at the time of his arrest.

Other evidence in the record also supported the district court's finding that Ash had indeed committed the charged crime, including proof regarding the distribution quantity of methamphetamine and Ash's possession of a digital scale. *See United States v. Bennett*, 291 F.3d 888, 895 (6th Cir. 2002) ("Bennett's mental state, therefore, may be supported to the satisfaction of Rule 11[(b)(3)] by circumstantial evidence establishing his knowledge and intent."). Moreover, the uncontroverted facts in the presentence report established that Ash was actively involved in selling methamphetamine. Considering the totality of the circumstances, the district court did not err, much less plainly err, in concluding that there was a factual basis for Ash's guilty plea. *See Bennett*, 291 F.3d at 897 ("From these and other facts contained in the PSR and in [a cooperating witness's] testimony, the district court could easily have inferred that Bennett had the required mental state to have knowingly possessed methamphetamine with the intent to distribute it.").

**B.** **Ash waived his right to appeal the calculation of his advisory Guidelines range**

Ash next contends that the district court incorrectly classified him as a career offender. More specifically, Ash contends that his prior criminal conviction does not qualify as controlled-substance offense under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam).

This argument fails for at least two reasons. First, Ash waived his right to appeal. Under the plea agreement's terms, the only exceptions to Ash's appeal waiver are claims concerning (1) ineffective assistance of counsel, (2) his sentence being unconstitutional or exceeding the statutory maximum, and (3) his guilty plea having been made involuntarily or unknowingly. Ash's claim does not fall under any of these exceptions, so the claim is barred by the broad appeal waiver. *See United States v. Arias*, 321 F. App'x 439, 442 (6th Cir. 2009) (concluding that, because the appellant signed a waiver, and because his claim did not fall within that waiver's exceptions, "he [was] precluded from appealing despite his belief that the court erred in designating him as a career offender").

Second, even if Ash had not waived his right to appeal, his argument would nonetheless fail on the merits. After Ash filed his appeal, this court ruled that the delivery/manufacture of a controlled substance, in violation of Michigan Compiled Laws § 333.7401, still qualifies as a controlled-substance offense after *Havis*. *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) (per curiam) (concluding that "there is no meaningful difference between the federal offense of distribution and the Michigan offense of delivery"). Ash's sentencing appeal focuses entirely on his 1995 conviction under the same Michigan statute at issue in *Thomas*. His prior conviction therefore qualifies as a controlled-substance offense.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.