**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0044n.06

No. 14-3214

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| GUADALUPE VILLA-RODRIGUEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER, SUTTON, and COOK, Circuit Judges.

PER CURIAM. Guadalupe Villa-Rodriguez appeals his conviction and sentence following his guilty plea to possession of a firearm by an illegal alien. We affirm.

A federal grand jury charged Villa-Rodriguez and five co-defendants with various hostage-taking and firearm offenses arising out of the kidnapping of a woman and her two-year-old child due to her husband's failure to pay a drug debt. Pursuant to a written plea agreement, Villa-Rodriguez, a Mexican citizen, pleaded guilty to possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5). Villa-Rodriguez's presentence report set forth a guidelines range of 210 to 262 months of imprisonment. Because that range exceeded the ten-year statutory maximum, the maximum became the guidelines sentence. *See* USSG § 5G1.1(a). The district court sentenced Villa-Rodriguez to 111 months of imprisonment.

Villa-Rodriguez subsequently filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming in part that his counsel provided ineffective assistance by failing to file a notice of appeal. The district court granted Villa-Rodriguez's motion on that claim, vacated the original judgment, and directed entry of a new judgment to allow the filing of this appeal.

On appeal, Villa-Rodriguez asserts that his guilty plea was not knowing and voluntary and that his sentence was procedurally and substantively unreasonable.

Villa-Rodriguez first contends that there was an inadequate factual basis for his guilty plea. Because Villa-Rodriguez did not challenge the factual basis for his guilty plea below, we review for plain error. *See United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010).

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The purpose of this requirement is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007) (internal quotation marks omitted). The district court may determine the existence of a factual basis from several sources, including witness testimony that is confirmed by the defendant. *See United States v. Lalonde*, 509 F.3d 750, 762 (6th Cir. 2007); *McCreary-Redd*, 475 F.3d at 722.

A conviction under 18 U.S.C. § 922(g)(5) requires the following elements: "(1) the defendant is an illegal alien, (2) he knowingly possessed the firearm, and (3) the firearm traveled in or affected interstate commerce." *United States v. Luna-Santillanes*, 554 F. App'x 402, 409 (6th Cir. 2014). Villa-Rodriguez challenges only the factual basis for the possession element. A conviction under § 922(g) "may be based on actual or constructive possession of a firearm." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). "Actual possession requires that a

defendant have immediate possession or control of the firearm, whereas constructive possession exists when the defendant does not have possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* (internal quotation marks omitted).

The witness testimony presented by the government and confirmed by Villa-Rodriguez provided "some evidence" that he knowingly possessed a firearm. *See United States v. Mobley*, 618 F.3d 539, 547 (6th Cir. 2010) (noting the "quantum of information required to satisfy the Rule 11(b)(3) 'factual basis' requirement for a guilty plea is lower" than that required at trial). According to Special Agent Amy Nye, the victim "saw a number of firearms that were being carried, loaded, and passed among the eight men inside the house" where she and her child were held. (RE 132, Plea Tr. 19, Page ID # 437). Special Agent Nye further testified that Villa-Rodriguez was left in control of the hostages and two firearms: "It was agreed amongst the men that Guadalupe Villa Rodriguez would remain inside the house with [the victim], the child, and two remaining rifles while the other five men would leave to meet with [the victim's husband]." (*Id.* at 20, Page ID # 438). Villa-Rodriguez agreed that the agent's statement of facts was "true and correct in all material respects." (*Id.* at 22, Page ID # 440). The district court did not err, let alone plainly err, in determining that there was a sufficient factual basis for Villa-Rodriguez's guilty plea.

Villa-Rodriguez also challenges his guilty plea on the basis that the record does not reflect that the interpreter at the plea hearing was certified as required by the Court Interpreters Act, 28 U.S.C. § 1827. Because Villa-Rodriguez made no objection in the district court to the interpreter or to any purported translation errors, we review for plain error. *See United States v. Camejo*, 333 F.3d 669, 672 (6th Cir. 2003). Villa-Rodriguez has failed to present any evidence

that the interpreter in his case was not certified or that "the use of a non-certified interpreter, as opposed to a certified interpreter, affected his guilty plea such that the proceedings against him were fundamentally unfair." *United States v. Garcia-Perez,* 190 F. App'x 461, 473 (6th Cir. 2006). Villa-Rodriguez has therefore failed to carry his burden of demonstrating plain error.

Villa-Rodriguez asserts that his plea bargain was illusory because the government lacked jurisdiction to prosecute him on the dismissed counts of the indictment, asserting that those counts were the proper subject of state rather than federal law. According to Villa-Rodriguez, the conduct at issue constituted a "simple intrastate kidnapping" and lacked the "international aspect" required under the Hostage Taking Act, 18 U.S.C. § 1203. *See United States v. Carrion-Caliz*, 944 F.2d 220, 224 (5th Cir. 1991). The Hostage Taking Act applies if the offender or the victim is not a national of the United States, which provides the requisite "international aspect." *See* 18 U.S.C. § 1203(b)(2); *United States v. Santos-Riviera*, 183 F.3d 367, 370 (5th Cir. 1999). Because Villa-Rodriguez and his co-defendants are not nationals of the United States, there was federal jurisdiction over the dismissed hostage-taking counts.

With respect to his sentence, Villa-Rodriguez asserts that the district court procedurally erred in using USSG § 2A4.1, the guideline for kidnapping, abduction, and unlawful restraint, to calculate his guidelines range because he did not kidnap anyone. Villa-Rodriguez did not object to the district court's cross-reference to USSG § 2A4.1; therefore, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008).

USSG § 2A4.1 is the applicable guideline for a violation of the Hostage Taking Act. *See* USSG § 2A4.1, comment. (statutory provisions); USSG App. A. The Hostage Taking Act requires proof that "the defendant 1) seized or detained another person, 2) threatened to kill, injure, or continue to detain that person, 3) with the purpose of compelling a third person or

governmental entity to act in some way, or to refrain from acting in some way." *Carrion-Caliz*, 944 F.2d at 223. Villa-Rodriguez asserts that "all he did was hold the two victims for a few hours." (Appellant's Br. 25). Villa-Rodriguez's admitted conduct falls within the scope of the Hostage Taking Act. As discussed above, Villa-Rodriguez's argument that the conduct lacks the "international aspect" required under the Hostage Taking Act is without merit. The district court did not err, let alone plainly err, in applying USSG § 2A4.1.

Finally, Villa-Rodriguez argues that the district court's consideration of the hostage-taking conduct resulted in an excessive sentence that was substantively unreasonable. We review the substantive reasonableness of Villa-Rodriguez's sentence under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Given that we afford a within-guidelines sentence a rebuttable presumption of substantive reasonableness, Villa-Rodriguez's burden of demonstrating that his below-guidelines sentence "is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (order); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

As discussed above, the district court properly considered Villa-Rodriguez's hostage-taking conduct in calculating the guidelines range. The district court addressed the relevant sentencing factors in making its determination to impose a below-guidelines sentence. The district court emphasized the seriousness of the offense, noting that Villa-Rodriguez, unlike his co-defendants, had taken advantage of the victim and that there was "very little to mitigate the severity" of this "terrible" crime. (RE 133, Sentencing Tr. 6, Page ID # 449). The district court also considered Villa-Rodriguez's impoverished upbringing and his desire to provide for his four children back in Mexico. Villa-Rodriguez has failed to demonstrate that the district court abused its discretion in imposing a below-guidelines sentence of 111 months of imprisonment.

For the foregoing reasons, we affirm Villa-Rodriguez's conviction and sentence.